IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE

| | |
|---|---|
| TERRY LAURENCE, individually, and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) HARRIS TEETER, LLC, ) ) Defendant. ) ) ) | Civil Action No. 3:17-cv-00602-RJC-DSC |

## **CONSENT PROTECTIVE ORDER**

This matter is before the Court upon Consent Motion of the Parties for a protective order. This Protective Order governing certain records, documents and information should be entered in this matter for the reason that one or more parties assert that certain information is confidential, sensitive and/or proprietary. In connection with this matter, the Court FINDS as follows:

A. The Parties possess certain documents containing confidential and proprietary business information which may be discoverable in this action but should not be made available to the general public.

B. The parties have exchanged, or will exchange, discovery requests seeking confidential business and/or personal information and documents.

C. A Protective Order should be entered which will properly balance the discovery rights of the parties against their rights to protect confidential business and personal information from unnecessary public disclosure.

**EXHIBIT 1**

It appearing to the Court that the attorneys of record for the parties have consented to the entry of this Order and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. "Confidential" as used herein refers to any non-public information, however described, regarding current and/or former employees of Defendant Harris Teeter, LLC ("Defendant") or its parents, subsidiaries, or affiliates, or other individuals who are not parties to this litigation, including, but not limited to, personnel records, evaluations, compensation levels, databases, or similar; Defendant's business, commercial, and proprietary information and trade secrets and confidential internal policies and procedures; Defendant's operating agreements, or other business formation or business operations documentation; and the Parties' non-public financial information which are entitled to some expectation of privacy; and, any other confidential agreements or materials the Parties may have. Such information shall be designated as CONFIDENTIAL only upon a good faith belief that the information falls within this definition.

2. To designate information as "Confidential,"

    a. With respect to Documents, a Party shall place or affix on the Document in a manner which will not interfere with its legibility the word "CONFIDENTIAL" or otherwise puts the recipient on reasonable notice that it contains Confidential information;
    b. At depositions, by making an oral statement to that effect on the record or notifying opposing counsel in writing anytime up to thirty (30) days after receipt of the transcript, or thirty (30) days after entry of this Order, whichever is later. If counsel for a Party or for the deponent deems that the answer to a question will result in the disclosure of information that is or should be designated as Confidential Information, counsel may direct that the transcript of the question or series of questions and answers should be printed and bound separately from the remainder of the deposition. The court reporter shall send Confidential and non-confidential transcripts to all counsel of record in this Lawsuit. Counsel may then review the transcripts and designate additional portions as Confidential. The additional designations must be reported to the court reporter within thirty (30) days of the date counsel receive the transcripts

from the court reporter. The court reporter shall then delete any additional material designated as Confidential from the non-confidential transcript and add it to the Confidential transcript so marked. The court reporter shall treat exhibits designated as Confidential by so marking them and including them with those portions of the Confidential transcript. For depositions recorded by video, those portions of the video testimony designated as Confidential on the deposition transcript shall be treated in accordance with this Order. Counsel shall use their best efforts to designate all portions of the testimony they consider Confidential at the time of the deposition. When portions of a deposition are designated Confidential pursuant to this Order, the Parties shall use the designated portions of the transcript only as provided in this Order. Any Person present at the deposition who does not meet one of the designations set forth below in paragraph 5 shall be excluded from the deposition during the discussion of Confidential Information if such a request is made on the record by counsel for any Party or the deponent.

3. All information in whatever form subject to this Protective Order shall be used by the receiving party only in connection with the above-referenced action, *Terry Laurence v. Harris Teeter, LLC,* which is pending in the United States District Court for the Western District of North Carolina (Civil Action No. 3:17-cv-000602-RJC) and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

4. To the extent possible, the Parties shall redact Confidential Information from materials filed with the Court or exhibits offered in evidence so as to minimize requests to file under seal. If it is necessary to file documents or other materials under seal, such materials shall be filed in accordance with procedures directed by the Court at the time of such filing or if filed as an attachment to any filing in this action via the Court's ECF system, be filed under seal, with access limited to Parties and attorneys of record in this matter. The Parties are granted leave to file Confidential material under seal for consideration by the Court.

5. All information subject to this Consent Protective Order shall be revealed only as follows:

(a) To the Court;

(b) Attorneys of record for the parties in this litigation, in-house counsel for those parties which are legal entities, insurance adjusters assigned to this case by an insurance company that may be obligated in whole or in part to pay for the defense, settlement and/or judgment in this case, and employees or independent contractors (i.e. contract lawyers, document imaging and electronic discovery companies, computer forensic companies, litigation support companies, and others) of such attorneys of record and/or in-house counsel to whom it is necessary that the Confidential material be shown for purposes of this litigation;

(c) Each party to this case or, where the party is a legal entity, such party's representatives;

(d) To court reporters and/or videographers retained for use in this matter;

(e) Any deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition;

(f) Any witness if such information is reasonably likely to be relevant to that witness's knowledge or subject matter of testimony, but the witness shall not be able to retain any Confidential material;

(g) To law clerks, paralegals, legal assistants, stenographic and clerical employees of counsel referred to in Paragraph 5(b), who have agreed to abide by the terms of this Order and who are operating under the direct supervision of counsel;

(h) To any person who is indicated, on the face of a document containing such information, to be the author or recipient of such document, or who, during a deposition, is established as knowledgeable of the contents of such document;

(i) To independent experts working on behalf of a party for the purposes of this litigation who have agreed to abide by the terms of this Order; and

(j) Any person designated as a mediator by Court Order or by agreement of the parties after such person executes a copy of Acknowledgement A and agrees to be bound by this Order. Agreement to abide by the terms of this Order shall be evidenced by compliance with the provisions of Paragraph 6 of this Order.

6. Each person examining the information subject to this Protective Order, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order, both before and after entry of a final judgment in this case, whether by settlement or adjudication. No person shall be allowed to disclose, other than as provided in Paragraph 5, by any means whatsoever, any such information or any notes arising therefrom until the person to whom disclosure is to be made has:

    (a) Read this Order in its entirety; and

    (b) Signed and dated a copy of Acknowledgement A signifying his/her agreement to the provisions of this Protective Order and consent to the jurisdiction of the Court over his/her improper disclosure.

7. No person who examines Confidential information produced pursuant to this Order shall disseminate orally, in writing, or by any other means any such information to any other person not also authorized to examine Confidential information under the terms of this Order. Failure to abide by this provision may lead to sanctions, up to and including dismissal of this lawsuit with prejudice, or the striking of pleadings.

8. If original documents are produced for inspection pursuant hereto, the producing party and its attorneys of record have the right to have a person present in the inspection room at all times during the inspection of such documents. The original documents produced under the terms of this Order shall remain in the custody and control of the producing party at all times.

9. Any Party may challenge or dispute at any time a designation of a Document or information pursuant to this Order. If a Party challenges a "CONFIDENTIAL" designation that Party must first notify in writing the Attorneys of record for the designating Party, explain in writing the reason for the challenge, and request an opportunity to attempt to resolve the dispute. The designating Party must then respond in writing within fourteen (14) days of receipt of the

written challenge, either agreeing to withdraw the designation or setting forth the reasons the designating Party believes the Document or information should be treated as CONFIDENTIAL. If the challenge cannot be resolved by agreement of counsel, the challenging Party may then--and only then--file a motion with the Court for an appropriate order upon notice to all Parties.

   a. Any such motion must be filed under seal and must identify specifically the material in question and specify the reasons why the moving Party contends that such designation is improper.
   b. The designating Party may respond in accordance with the Court's briefing schedule.
   c. The designating Party shall bear the burden of proving the propriety of the designation(s).
   d. Until the Court rules on such motion, all Persons shall continue to treat the disputed Document or Information in accordance with the designating Party's designation and the terms of this Order.

10. This Order has been entered to facilitate discovery and the production of information discoverable in accordance with the applicable Rules of Civil Procedure in this Lawsuit. Any Person's decision to enter into this Order, any designation of Documents or information in accordance with this Order, any failure to object to the designation of any Document or information, or any ruling of the Court as to whether a Document or information has been designated properly as Confidential under this Order shall not constitute an agreement, evidence, admission, estoppel, or preclusive judicial determination that the Document or information (a) is a trade secret or otherwise legally protected confidential business or personal information; or (b) is admissible, authentic, competent or relevant evidence; and in no instance shall constitute or be offered as an admission, evidence, estoppel, or preclusive judicial determination with respect to any issue in any proceeding except to enforce the provisions of this Order.

11. If a producing Party realizes that it has inadvertently produced a Document or information that it considers to be Confidential without previously marking it as such pursuant to this Order, it may contact the receiving Party or Parties and notify them in writing of the mistake.

Once a receiving Party has been notified of the mistake, the Document will be treated as designated in the written notice from the time of receipt of the notice forward and will be subject to the terms of this Order, and the receiving Party shall promptly use all means reasonably available to retrieve such Documents and all copies and return them to the producing Party for proper designation under this Order.

12. If a producing Party realizes that it has inadvertently produced a Document or information that it considers to be protected from disclosure to a Party in this Lawsuit by any of the attorney-client privilege, attorney work product doctrine, the common interest or joint defense privilege, or such other privilege or immunity from discovery, then the producing Party may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the receiving Party shall promptly use all means reasonably available to retrieve such Document or information and all copies and return them to the producing Party. The inadvertent production of any such privileged Document or information shall not constitute a waiver of any otherwise applicable privilege, and no Party shall assert a waiver of any such otherwise applicable privilege upon the basis of any inadvertent production in the course of discovery in this Lawsuit.

13. Nothing herein shall affect any Party's right to seek additional protection against the disclosure of any Documents or materials.

14. The production of any information subject to this Protective Order shall not constitute a waiver of a party's right to claim in this lawsuit or hereafter that said information is privileged and/or otherwise non-discoverable or inadmissible as evidence in this lawsuit.

15. All information designated as Confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any

challenged information shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

16. Subject to the Federal Rules of Evidence and any final pretrial filing or order identifying trial exhibits, Confidential information produced pursuant to this Order may be offered in evidence at trial or any court hearing. Subject to the provisions set forth above, any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information.

17. All confidential material, including any copies thereof, shall be returned to the producing party within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal. However, either party may, at its election, destroy the Confidential material in the normal course of its business and in accordance with its document retention procedures and will certify to the producing Party that it has complied with this paragraph.

**SO ORDERED**.

Signed: February 12, 2018

_____
David S. Cayer
United States Magistrate Judge

Stipulated to this 9th day of February, 2018 by:

        JTB LAW GROUP, LLC

        /s/ Nicholas Conlon
        Jason T. Brown (*pro hac vice*)
        Nicholas Conlon (*pro hac vice*)
        155 2nd St., Suite 4
        Jersey City, NJ 07302
        jtb@jtblawgroup.com
        nicholasconlon@jtblawgroup.com

        Trey Lindley
        Satie Rachel Munn
        LINDLEY LAW, PLLC
        225 S. McDowell Street
        Charlotte, NC 28204
        tlindley@lindleylawoffice.com

        *Attorneys for Plaintiff Terry Laurence*


        OGLETREE, DEAKINS, NASH
        SMOAK & STEWART, P.C.

        /s/ Regina W. Calabro
        Kevin S. Joyner (N.C. Bar No. 25605)
        Regina W. Calabro (N.C. Bar No. 20889)
        4208 Six Forks Road, Suite 1100
        Raleigh, NC 27609
        Telephone: 919.787.9700
        Facsimile: 919.783.9412
        kevin.joyner@ogletree.com
        gina.calabro@ogletree.com

        *Attorneys for Defendant Harris Teeter, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE

| | |
|---|---|
| TERRY LAURENCE, individually, and on behalf of others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARRIS TEETER, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 3:17-cv-00602-RJC |

## **ACKNOWLEDGMENT A TO PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____
_____

Date: _____              _____
                                                                Signature