# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims (the "Agreement") is entered into between Harris Teeter, LLC (the "Company") and Terry Laurence (the "Laurence") (the Company and Laurence will be collectively referred to hereinafter as the "Parties").

**WHEREAS**, Laurence filed a Class/Collective Action Complaint on October 6, 2017, against Harris Teeter, LLC alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §95-25.1 *et seq.* ("NCWHA"), and common law breach of contract, on behalf of himself and all other allegedly similarly situated individuals and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure;

**WHEREAS**, Laurence's initial Class/Collective Action Complaint is currently pending in the United States District Court for the Western District of North Carolina, Civil Action No. 3:17-cv-602, is referred to herein as the "Lawsuit";

**WHEREAS**, Laurence represents that no other charges, actions, or claims are pending on his behalf, other than the Lawsuit;

**WHEREAS**, on December 29, 2017, Laurence served interrogatories and requests for production on the Company;

**WHEREAS**, on January 29, 2018, the Company served responses to Laurence's interrogatories and requests for production and produced substantial Company documentation, including pay and time records for Laurence;

**WHEREAS**, the Parties conducted substantial investigation into the facts and law relevant to the claims and defenses asserted. The Parties and their counsel represent that the documents and other information exchanged were relevant to the claims and defenses asserted and that the production of these documents and other information facilitated meaningful and productive settlement discussions. Laurence's Counsel has analyzed and evaluated the merits of the claims made against the Company in the Lawsuit and the impact of this Settlement Agreement on Laurence; and

**WHEREAS**, to date, no individual has elected to join this Lawsuit pursuant to Section 216(b) of the FLSA and no class has been certified pursuant to Fed. R. Civ. P. 23;

**WHEREAS**, the Company denies: (i) the allegations in the Lawsuit, (ii) liability for violations of the FLSA, (iii) liability for violations of the NCWHA or any other law, (iv) liability for common law breach of contract, and (v) that damages are owed to Laurence;

**WHEREAS**, Laurence and the Company desire to avoid further expense, time, effort and uncertainty in regard to the Lawsuit;

**WHEREAS**, Laurence desires to resign from his employment with the Company as of the effective date of this Agreement;

1

WHEREAS, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Laurence and his counsel believe the Agreement is in Laurence's best interest and represents a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, the parties desire to fully and finally to resolve this matter and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Laurence against the Company relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed by Laurence;

NOW, THEREFORE, in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be legally bound hereby, agree to the following terms and conditions as full and complete settlement of the Lawsuit regarding Laurence's claims:

1. Settlement Procedure. On or before March 31, 2018, Laurence's Counsel will file a Consent Motion to Amend Complaint and a proposed Amended Complaint attached hereto as **Exhibit A** with the written consent of the Company pursuant to Federal Rule of Civil Procedure 15(a)(2), adding Stephanie Hill as a named plaintiff in the Lawsuit, and removing all Class and Collective Action allegations from the initial Complaint due to the fact that to date, no individual has elected to join this Lawsuit pursuant to Section 216(b) of the FLSA and no class has been certified pursuant to Fed. R. Civ. P. 23, and no interest has been demonstrated by any other current or former Company employees in joining this Lawsuit or otherwise bringing any claim for wages. Thereafter, if the Court grants the Consent Motion to Amend Complaint, within ten (10) days of the filing of the Amended Complaint, the Parties will submit to the Court a Joint Motion for Approval of this Agreement.

2. Court Approval and Dismissal of Lawsuit. The Parties agree that this Agreement is contingent on the Court's approval of this Agreement, as well as any similar Agreement entered into with Stephanie Hill, and dismissal of the Lawsuit with prejudice as to Laurence's claims as well as any claims to be brought by Stephanie Hill. The Parties agree that as to any other putative class/collective action members' claim, such dismissal shall be without prejudice. If the Court does not approve this Agreement and dismiss the Lawsuit with prejudice as to Laurence's and Hill's claims, this Agreement will not be effective, and the Company will have no obligations under it. The Parties will submit to the Court a joint motion seeking approval of the Parties' settlement under this Agreement. The Parties will cooperate, and take all steps necessary, to effectuate judicial approval of their settlement and dismissal of the Lawsuit with prejudice.

3. Consideration from the Company. As consideration and in exchange for his execution of this Agreement, and the mutual promises and understandings contained herein, the Parties agree that the Company will pay Laurence and his attorneys the Settlement Sum of Twenty-Eight Thousand and Five Hundred Dollars ($28,500.00). The Settlement Sum shall be allocated as follows:

> a. Nine Thousand Dollars and Zero Cents ($9,000.00) shall be allocated and paid to Laurence in one lump sum for alleged wages owed, less normal deductions

2

for state, federal and other applicable taxes, for which the Company will issue Laurence a Form W-2;

b. Nine Thousand Dollars and Zero Cents ($9,000.00) shall be allocated and paid to Laurence in one lump sum for the Confidentiality section and requirements on Laurence contained in this Agreement for which the Company will issue a Form 1099 to Laurence; and

c. The remaining Ten Thousand and Five Hundred Dollars and Zero Cents ($10,500.00) shall be paid in one check made payable to JTB Law Group, LLC, for which the Company will issue a Form 1099 to JTB Law Group, LLC.

Laurence agrees that the consideration described in this paragraph is good, valuable, and sufficient consideration. Laurence agrees that the payments to be made by the Company under this Agreement constitute full compensation for all hours and overtime hours that he worked for the Company, plus any liquidated damages, attorneys' fees, or other costs or damages to which he may claim to be entitled under Fair Labor Standards Act and/or the North Carolina Wage and Hour Act, including any claim for compensation that he made or could have made in the Lawsuit. Laurence acknowledges that he has been paid in full for all work performed by the Company, and that the Company owes him no additional money or compensation of any kind relating to the payment of work performed. None of the payments described in this Agreement shall be subject to matching contributions or included as benefits eligible earnings under any benefit plan or policy applicable to Laurence. Finally, Laurence agrees that he is not entitled to any other compensation (including, but not limited to, compensation, wages, accrued vacation time, or expenses reimbursements), leave (paid or unpaid), or benefits of any kind or description from the Company. Laurence further acknowledges that the settlement payments exceed that to which he would be entitled under the Company's policies, procedures, and practices.

4. **Waiver and Release of Claims**. Laurence, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges the Company and its current and former parents, subsidiaries, successors, predecessors, divisions, affiliates, shareholders, officers, directors, attorneys, agents, employees, assigns and insurers (collectively referred to as the "Company Releasees") from any and all claims and rights of any kind that Laurence may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way relating to employment with the Company. These claims and rights released include, but are not limited to, claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans With Disabilities Act, the **Age Discrimination in Employment Act**, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family and Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the North Carolina Retaliatory Employment Discharge Act, all state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, wrongful discharge, defamation, libel, negligent supervision/retention, fraudulent inducement to enter into contract, and any and all claims for attorneys' fees as well as any and all claims that could have been brought in the Lawsuit.

3

Laurence represents that he knows of no claim of his own that has not been released by this paragraph. This Release does not apply to claims which may arise after the date of Laurence's acceptance of this Agreement.

5. <u>Non-Interference</u>. Nothing in this Agreement shall interfere with Laurence's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission or other federal or state regulatory or law enforcement agency. However, the consideration provided to Laurence in this Agreement shall be the sole relief provided to Laurence for the claims that are released by him herein and Laurence will not be entitled to recover and agrees to waive any monetary benefits or recovery against the Company Releasees in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge. Nothing in this Agreement shall be interpreted to as a release of worker's compensation benefits, unemployment claims, or any other claim that cannot be release by law, nor prohibit Laurence from challenging this Agreement under the ADEA.

6. <u>Withdrawal of Claims</u>. Within five (5) business days of receipt by Laurence of the payments in paragraph 3, Laurence agrees to file a Stipulation of Dismissal With Prejudice of the Lawsuit and withdraw any claims, charges, or complaints that Laurence has initiated or that others have initiated on his behalf against the Company Releasees in any forum.

7. <u>Non-Admission</u>. Laurence acknowledges and agrees that the payment made pursuant to this Agreement is not to be construed as an admission of liability on the part of the Company, and that the Company has denied and denies any violation of any law and has denied and denies any liability and intends by this Agreement merely to avoid the time and expense associated with legal proceedings.

8. <u>Will Not Seek Re-employment</u>. Laurence agrees that he will not knowingly apply for or seek employment with the Company, its affiliates, subsidiaries, parents or division for any job or position. If Laurence seeks employment with the Company, its affiliates, subsidiaries, parents or division for any job or position, and is hired, it is hereby acknowledged that the Company its affiliates, subsidiaries, parents or division has a legitimate and valid reason to discharge him as part of the consideration received by the Company in connection with this Agreement.

9. <u>Attorneys' Fees and Costs</u>. Except as provided herein, the Parties agree that each will bear his or its own attorneys' fees and costs incurred in connection with this matter.

10. <u>Wage Deduction Orders</u>. Laurence represents and warrants that Laurence is not subject to any wage garnishment or deduction orders.

11. <u>Indemnification</u>. Laurence agrees that, except for the amounts withheld, Laurence shall be responsible for paying any taxes, interest, penalties, or other amounts due on the payments made pursuant to this Agreement and shall indemnify the Company for, and hold it harmless from, any taxes, interest, penalties, or other amounts which the Company becomes required to pay or expend as a result of not having withheld taxes or other amounts from that payment, and any costs, including attorneys' fees, reasonably incurred by the Company in collecting that amount from Laurence. In addition, Laurence agrees to provide with the executed

Agreement, a completed Form W-9, certifying that Laurence is not subject to any backup withholding.

12. **Representations Regarding Laurence's Medicare and Social Security Disability Eligibility, Claims and Expenses.** Laurence affirms, covenants, and warrants he is not a Medicare beneficiary and is not currently receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, and has not applied for or sought Social Security Disability or Medicare benefits. In the event any statement in the preceding sentence is incorrect (for example, but not limited to, if Laurence is a Medicare beneficiary, etc.), the following sentences (i.e., the remaining sentences of this paragraph) apply. Laurence affirms, covenants, and warrants he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, the Company Releasees under which the released parties could be liable for medical expenses incurred by Laurence before or after the execution of this agreement. Furthermore, Laurence is aware of no medical expenses which Medicare has paid and for which the Company Releasees are or could be liable now or in the future. Laurence agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Laurence will indemnify, defend, and hold the Company Releasees harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Laurence further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq.*

13. **Confidentiality.** Laurence and his attorneys agree that they will not issue, nor cause to be issued, any press release or communication to any third party and will not otherwise communicate to any media or media representative, including but not limited to the electronic, print, or digital media or social networking site, information regarding the Lawsuit; the claims asserted therein; the Settlement of the Litigation and/or this Settlement Agreement or the facts and events leading up to same; or the amount of money paid to resolve the Litigation. If contacted by the press or other forms of media, including but not limited to any blogs or other social media websites, the Parties and their counsel will state that the matter has been resolved to the satisfaction of all Parties. Notwithstanding the terms of this paragraph, the Parties shall be free to make whatever disclosures they deem necessary and appropriate to their attorneys and financial and tax advisors, provided those disclosures are truthful.

Laurence further represents and warrants that Laurence has not communicated any aspect of the terms or substance of the negotiations leading up to this Agreement (the "Settlement Negotiations") to anyone other than Laurence's attorneys and Laurence's immediate family. Laurence agrees that Laurence will keep the terms and substance of the Settlement Negotiations and this Agreement confidential, and that Laurence will not disclose such information to anyone outside of Laurence's immediate family and Laurence's attorneys, accountants and/or tax advisor, except as may be required by law. If Laurence informs anyone in Laurence's immediate family, or any attorney, accountant or tax advisor, about the Settlement Negotiations or this Agreement, Laurence agrees to advise that person of the confidentiality of the Settlement Negotiations and this Agreement and to instruct that person not to disclose the terms, conditions, or substance of them to anyone. If Laurence is asked about the Settlement Negotiations or this Agreement, or the resolution of the Lawsuit, Laurence agrees to limit any response to the following statement only: "The matter has been settled and that is all that I can say about it."

5

Doc ID: c381b758080f039b4deba7f7f097a2b14a2896bc
Case 3:17-cv-00602-RJC-DSC    Document 22-1    Filed 04/02/18    Page 6 of 15

14. <u>Non-Disparagement</u>. Laurence will refrain from making negative or disparaging remarks about the Company, the Company Releasees, and their customers. Laurence will not provide information or issue statements regarding the Company, the Company Releasees, or their customers, or take any action that would cause the Company, Company Releasees, or their customers, embarrassment or humiliation or otherwise cause or contribute to them being held in disrepute. Nothing in this Agreement shall be deemed to preclude Laurence from providing truthful testimony or information pursuant to subpoena, court order, or similar legal process.

15. <u>Arbitration</u>. Laurence agrees with the Company that the exclusive method for resolving all claims or disputes relating in any way to this Agreement (including, but not limited to, its validity, interpretation, application, or effect, or any alleged violations of the Agreement), and all claims which Laurence, by this Agreement, purports to release (if ever Laurence were to challenge the validity of this Agreement and attempt to assert any such claim, including, but not limited to, any claim under any federal statute, state statute, local ordinance, or common law) shall be by final and binding arbitration in Charlotte, North Carolina pursuant to the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures in effect at the time the arbitration proceeding is initiated, and any court with jurisdiction may enter judgment upon the award entered by the arbitrator(s).

16. <u>Choice of Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the state of North Carolina.

17. <u>Severability</u>. Should any provision of this Agreement be held to be illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

18. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

19. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of Laurence, the Company, and the Company Releasees, and their respective representatives, predecessors, heirs, successors, and assigns.

20. <u>Entire Agreement</u>. This Agreement contains the complete understanding between the Parties, and no other promises or agreements shall be binding unless signed by both an authorized representative of the Company and Laurence. In signing this Agreement, the Parties are not relying on any fact, statement, or assumption not set forth in this Agreement.

21. <u>Conditions Precedent.</u> Laurence understands and agrees that the payment of the consideration by the Company set out above, is expressly contingent upon Laurence dismissing his Lawsuit. If this condition fails, the Company may declare this Agreement null and void, thereby releasing the Company from its obligations to pay any of the consideration described in this Agreement.

22. <u>Laurence's Certifications and Understandings.</u>

   a. Laurence certifies and agrees that he has read this Agreement and that he understands all of its provisions and intends to abide by its provisions without exception.

b. Laurence certifies and agrees that he is authorized and competent to sign this Agreement.

c. Laurence certifies and agrees that he is knowingly and voluntarily entering into this Agreement of his own free will; that he has had twenty-one (21) days to review this Agreement and seven (7) days to revoke his acceptance of this Agreement by delivering written notice of revocation within the seven (7) day period to the following Company contact: Christy Hubbard, Senior Director, Associate Relations, 701 Crestdale Road, Mathews, North Carolina 28105. If Laurence does not revoke acceptance within the seven (7) day period following execution of this Agreement, the Agreement will become effective.

d. Laurence understands that he has the right to consult with an attorney regarding this Agreement.

e. Laurence certifies that he is receiving valuable and adequate consideration under this Agreement.

**EMPLOYEE:**

*Terry Laurence*     Date: 03/14/2018

Terry Laurence

**HARRIS TEETER, INC.**

BY: *Christy Hubbard*

ITS: Senior Director of Associate Relations

DATE: 3-22-18

33286108.1

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims (the "Agreement") is entered into between Harris Teeter, LLC (the "Company") and Stephanie Hill (the "Hill") (the Company and Hill will be collectively referred to hereinafter as the "Parties").

**WHEREAS**, Terry Laurence ("Laurence") filed a Class/Collective Action Complaint on October 6, 2017, against Harris Teeter, LLC alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §95-25.1 *et seq.* ("NCWHA"), and common law breach of contract, on behalf of himself and all other allegedly similarly situated individuals and sought to represent such individuals in a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure;

**WHEREAS**, Laurence's initial Class/Collective Action Complaint is currently pending in the United States District Court for the Western District of North Carolina, Civil Action No. 3:17-cv-602, is referred to herein as the "Lawsuit";

**WHEREAS**, Hill retained Laurence's attorney to represent her in a claim for back wages after learning of the Lawsuit;

**WHEREAS**, Hill would not be a member of the Class/Collective Action as it is defined in the Complaint;

**WHEREAS**, Hill represents that no other charges, actions, or claims are pending on her behalf, other than the Lawsuit;

**WHEREAS**, on December 29, 2017, Laurence served interrogatories and requests for production on the Company;

**WHEREAS**, on January 29, 2018, the Company served responses to Laurence's interrogatories and requests for production and produced substantial Company documentation, including pay and time records for Laurence;

**WHEREAS**, on February 28, 2018, the Company produced substantial Company documentation, including pay and time records for Hill, to Laurence and Hill's attorney;

**WHEREAS**, the Parties conducted substantial investigation into the facts and law relevant to the claims and defenses asserted. The Parties and their counsel represent that the documents and other information exchanged were relevant to the claims and defenses asserted and that the production of these documents and other information facilitated meaningful and productive settlement discussions. Hill's Counsel has analyzed and evaluated the merits of the claims made against the Company in the Lawsuit and the impact of this Settlement Agreement on Hill; and

**WHEREAS**, to date, no individual has elected to join this Lawsuit pursuant to Section 216(b) of the FLSA and no class has been certified pursuant to Fed. R. Civ. P. 23;

1

**WHEREAS**, the Company denies: (i) the allegations in the Lawsuit, (ii) liability for violations of the FLSA, (iii) liability for violations of the NCWHA or any other law, (iv) liability for common law breach of contract, and (v) that damages are owed to Hill;

**WHEREAS**, Hill and the Company desire to avoid further expense, time, effort and uncertainty in regard to the Lawsuit;

**WHEREAS**, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Hill and her counsel believe the Agreement is in Hill's best interest and represents a fair, reasonable, and adequate resolution of the Lawsuit;

**WHEREAS**, the parties desire to fully and finally to resolve this matter and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Hill against the Company relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed by Hill;

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be legally bound hereby, agree to the following terms and conditions as full and complete settlement of the Lawsuit regarding Laurence's claims:

1. <u>Settlement Procedure</u>. On or before March 31, 2018, Laurence's Counsel will file a Consent Motion to Amend Complaint and a proposed Amended Complaint attached hereto as **Exhibit A** with the written consent of the Company pursuant to Federal Rule of Civil Procedure 15(a)(2), adding Stephanie Hill as a named plaintiff in the Lawsuit, and removing all Class and Collective Action allegations from the initial Complaint due to the fact that to date, no individual has elected to join this Lawsuit pursuant to Section 216(b) of the FLSA and no class has been certified pursuant to Fed. R. Civ. P. 23, and no interest has been demonstrated by any other current or former Company employees in joining this Lawsuit or otherwise bringing any claim for wages. Thereafter, if the Court grants the Consent Motion to Amend Complaint, within ten (10) days of the filing of the Amended Complaint, the Parties will submit to the Court a Joint Motion for Approval of this Agreement.

2. <u>Court Approval and Dismissal of Lawsuit</u>. The Parties agree that this Agreement is contingent on the Court's approval of this Agreement, as well as any similar Agreement entered into with Terry Laurence, and dismissal of the Lawsuit with prejudice as to Hill's claims as well as any claims to be brought by Terry Laurence. The Parties agree that as to any other putative class/collective action members' claim, such dismissal shall be without prejudice. If the Court does not approve this Agreement and dismiss the Lawsuit with prejudice as to Hill's and Laurence's and Hill's claims, this Agreement will not be effective, and the Company will have no obligations under it. The Parties will submit to the Court a joint motion seeking approval of the Parties' settlement under this Agreement. The Parties will cooperate, and take all steps necessary, to effectuate judicial approval of their settlement and dismissal of the Lawsuit with prejudice.

3. <u>Consideration from the Company</u>. As consideration and in exchange for her execution of this Agreement, and the mutual promises and understandings contained herein, the

2

Parties agree that the Company will pay Hill and her attorneys the Settlement Sum of One Thousand and Five Hundred/500 Dollars ($1,500.00). The Settlement Sum shall be allocated as follows:

    a. Seven Hundred Fifty Dollars and Zero Cents ($750.00) shall be allocated and paid to Hill in one lump sum for alleged wages owed, less normal deductions for state, federal and other applicable taxes, for which the Company will issue Hill a Form W-2; and

    b. Seven Hundred Fifty Dollars and Zero Cents ($750.00) shall be allocated and paid to Hill in one lump sum for the Confidentiality section and requirements on Hill contained in this Agreement which the Company will issue a Form 1099 to Hill.

Hill agrees that the consideration described in this paragraph is good, valuable, and sufficient consideration. Hill agrees that the payments to be made by the Company under this Agreement constitute full compensation for all hours and overtime hours that she worked for the Company, plus any liquidated damages, attorneys' fees, or other costs or damages to which she may claim to be entitled under Fair Labor Standards Act and/or the North Carolina Wage and Hour Act, including any claim for compensation that she made or could have made in the Lawsuit. Hill acknowledges that she has been paid in full for all work performed by the Company, and that the Company owes her no additional money or compensation of any kind relating to the payment of work performed. None of the payments described in this Agreement shall be subject to matching contributions or included as benefits eligible earnings under any benefit plan or policy applicable to Hill. Finally, Hill agrees that she is not entitled to any other compensation (including, but not limited to, compensation, wages, accrued vacation time, or expenses reimbursements), leave (paid or unpaid), or benefits of any kind or description from the Company. Hill further acknowledges that the settlement payments exceed that to which she would be entitled under the Company's policies, procedures, and practices.

    4. <u>Waiver and Release of Claims</u>. Hill, on behalf of herself, her descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges the Company and its current and former parents, subsidiaries, successors, predecessors, divisions, affiliates, shareholders, officers, directors, attorneys, agents, employees, assigns and insurers (collectively referred to as the "Company Releasees") from any and all claims and rights of any kind that Hill may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way relating to employment with the Company. These claims and rights released include, but are not limited to, claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans With Disabilities Act, the **Age Discrimination in Employment Act**, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family and Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the North Carolina Retaliatory Employment Discharge Act, all state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, wrongful discharge, defamation, libel, negligent supervision/retention, fraudulent inducement to enter into contract, and any and all claims for

3

attorneys' fees as well as any and all claims that could have been brought in the Lawsuit. Hill represents that she knows of no claim of her own that has not been released by this paragraph. This Release does not apply to claims which may arise after the date of Hill's acceptance of this Agreement.

5. <u>Non-Interference</u>. Nothing in this Agreement shall interfere with Hill's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission or other federal or state regulatory or law enforcement agency. However, the consideration provided to Hill in this Agreement shall be the sole relief provided to Hill for the claims that are released by her herein and Hill will not be entitled to recover and agrees to waive any monetary benefits or recovery against the Company Releasees in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge. Nothing in this Agreement shall be interpreted to as a release of worker's compensation benefits, unemployment claims, or any other claim that cannot be release by law, nor prohibit Hill from challenging this Agreement under the ADEA.

6. <u>Withdrawal of Claims</u>. Within five (5) business days of receipt by Hill of the payments in paragraph 3, Hill agrees to file a Stipulation of Dismissal With Prejudice of the Lawsuit and withdraw any claims, charges, or complaints that Hill has initiated or that others have initiated on her behalf against the Company Releasees in any forum.

7. <u>Non-Admission</u>. Hill acknowledges and agrees that the payment made pursuant to this Agreement is not to be construed as an admission of liability on the part of the Company, and that the Company has denied and denies any violation of any law and has denied and denies any liability and intends by this Agreement merely to avoid the time and expense associated with legal proceedings.

8. <u>Will Not Seek Re-employment</u>. Hill agrees that she will not knowingly apply for or seek employment with the Company, its affiliates, subsidiaries, parents or division for any job or position. If Hill seeks employment with the Company, its affiliates, subsidiaries, parents or division for any job or position, and is hired, it is hereby acknowledged that the Company its affiliates, subsidiaries, parents or division has a legitimate and valid reason to discharge her as part of the consideration received by the Company in connection with this Agreement.

9. <u>Attorneys' Fees and Costs</u>. Except as provided herein, the Parties agree that each will bear her or its own attorneys' fees and costs incurred in connection with this matter.

10. <u>Wage Deduction Orders</u>. Hill represents and warrants that Hill is not subject to any wage garnishment or deduction orders.

11. <u>Indemnification</u>. Hill agrees that, except for the amounts withheld, Hill shall be responsible for paying any taxes, interest, penalties, or other amounts due on the payments made pursuant to this Agreement and shall indemnify the Company for, and hold it harmless from, any taxes, interest, penalties, or other amounts which the Company becomes required to pay or expend as a result of not having withheld taxes or other amounts from that payment, and any costs, including attorneys' fees, reasonably incurred by the Company in collecting that amount from Hill. In addition, Hill agrees to provide with the executed Agreement, a completed Form W-9, certifying that Hill is not subject to any backup withholding.

4

12. <u>Representations Regarding Hill's Medicare and Social Security Disability Eligibility, Claims and Expenses.</u> Hill affirms, covenants, and warrants she is not a Medicare beneficiary and is not currently receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, and has not applied for or sought Social Security Disability or Medicare benefits. In the event any statement in the preceding sentence is incorrect (for example, but not limited to, if Hill is a Medicare beneficiary, etc.), the following sentences (i.e., the remaining sentences of this paragraph) apply. Hill affirms, covenants, and warrants she has made no claim for illness or injury against, nor is she aware of any facts supporting any claim against, the Company Releasees under which the released parties could be liable for medical expenses incurred by Hill before or after the execution of this agreement. Furthermore, Hill is aware of no medical expenses which Medicare has paid and for which the Company Releasees are or could be liable now or in the future. Hill agrees and affirms that, to the best of her knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Hill will indemnify, defend, and hold the Company Releasees harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Hill further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq.*

13. <u>Confidentiality.</u> Hill and her attorneys agree that they will not issue, nor cause to be issued, any press release or communication to any third party and will not otherwise communicate to any media or media representative, including but not limited to the electronic, print, or digital media or social networking site, information regarding the Lawsuit; the claims asserted therein; the Settlement of the Litigation and/or this Settlement Agreement or the facts and events leading up to same; or the amount of money paid to resolve the Litigation. If contacted by the press or other forms of media, including but not limited to any blogs or other social media websites, the Parties and their counsel will state that the matter has been resolved to the satisfaction of all Parties. Notwithstanding the terms of this paragraph, the Parties shall be free to make whatever disclosures they deem necessary and appropriate to their attorneys and financial and tax advisors, provided those disclosures are truthful.

Hill further represents and warrants that Hill has not communicated any aspect of the terms or substance of the negotiations leading up to this Agreement (the "Settlement Negotiations") to anyone other than Hill's attorneys and Hill's immediate family. Hill agrees that Hill will keep the terms and substance of the Settlement Negotiations and this Agreement confidential, and that Hill will not disclose such information to anyone outside of Hill's immediate family and Hill's attorneys, accountants and/or tax advisor, except as may be required by law. If Hill informs anyone in Hill's immediate family, or any attorney, accountant or tax advisor, about the Settlement Negotiations or this Agreement, Hill agrees to advise that person of the confidentiality of the Settlement Negotiations and this Agreement and to instruct that person not to disclose the terms, conditions, or substance of them to anyone. If Hill is asked about the Settlement Negotiations or this Agreement, or the resolution of the Lawsuit, Hill agrees to limit any response to the following statement only: "The matter has been settled and that is all that I can say about it."

14. <u>Non-Disparagement.</u> Hill will refrain from making negative or disparaging remarks about the Company, the Company Releasees, and their customers. Hill will not provide information or issue statements regarding the Company, the Company Releasees, or their

5

customers, or take any action that would cause the Company, Company Releasees, or their customers, embarrassment or humiliation or otherwise cause or contribute to them being held in disrepute. Nothing in this Agreement shall be deemed to preclude Hill from providing truthful testimony or information pursuant to subpoena, court order, or similar legal process.

15. <u>Arbitration</u>. Hill agrees with the Company that the exclusive method for resolving all claims or disputes relating in any way to this Agreement (including, but not limited to, its validity, interpretation, application, or effect, or any alleged violations of the Agreement), and all claims which Hill, by this Agreement, purports to release (if ever Hill were to challenge the validity of this Agreement and attempt to assert any such claim, including, but not limited to, any claim under any federal statute, state statute, local ordinance, or common law) shall be by final and binding arbitration in Charlotte, North Carolina pursuant to the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures in effect at the time the arbitration proceeding is initiated, and any court with jurisdiction may enter judgment upon the award entered by the arbitrator(s).

16. <u>Choice of Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the state of North Carolina.

17. <u>Severability</u>. Should any provision of this Agreement be held to be illegal, void or unenforceable, such provision shall be of no force and effect. However, the illegality or unenforceability of any such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

18. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

19. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of Hill, the Company, and the Company Releasees, and their respective representatives, predecessors, heirs, successors, and assigns.

20. <u>Entire Agreement</u>. This Agreement contains the complete understanding between the Parties, and no other promises or agreements shall be binding unless signed by both an authorized representative of the Company and Hill. In signing this Agreement, the Parties are not relying on any fact, statement, or assumption not set forth in this Agreement.

21. <u>Conditions Precedent.</u> Hill understands and agrees that the payment of the consideration by the Company set out above, is expressly contingent upon Hill dismissing her Lawsuit. If this condition fails, the Company may declare this Agreement null and void, thereby releasing the Company from its obligations to pay any of the consideration described in this Agreement.

22. <u>Hill's Certifications and Understandings.</u>

    a. Hill certifies and agrees that she has read this Agreement and that she understands all of its provisions and intends to abide by its provisions without exception.

    b. Hill certifies and agrees that she is authorized and competent to sign this Agreement.

6

c. Hill certifies and agrees that she is knowingly and voluntarily entering into this Agreement of her own free will; that she has had twenty-one (21) days to review this Agreement and seven (7) days to revoke her acceptance of this Agreement by delivering written notice of revocation within the seven (7) day period to the following Company contact: Christy Hubbard, Senior Director, Associate Relations, 701 Crestdale Road, Mathews, North Carolina 28105. If Hill does not revoke acceptance within the seven (7) day period following execution of this Agreement, the Agreement will become effective.

d. Hill understands that she has the right to consult with an attorney regarding this Agreement.

e. Hill certifies that she is receiving valuable and adequate consideration under this Agreement.

**EMPLOYEE:**

_____  Date: 03/15/2018
Stephanie Hill

**HARRIS TEETER, INC.**

BY: _Christy Hubbard_
ITS: _Senior Director of associate relations_
DATE: _3-22-18_

33288655.1